UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE

| | | | |
|---|---|---|---|
| UNITED STATES OF AMERICA | ) | | |
| | ) | | |
| v. | ) | No. | 2:07-CR-108 |
| | ) | | JUDGE GREER |
| MICHAEL R. SMITH | ) | | |

## PLEA AGREEMENT

The United States of America, by the United States Attorney for the Eastern District of Tennessee, and defendant Michael R. Smith and the defendant's Attorney, Clifton L. Corker, have agreed upon the following:

1. The defendant will plead guilty to the following count(s) in the Information:

    a) Count One, knowingly possessing a computer hard drive that contained visual depictions which were shipped or transported in interstate commerce by any means including by computer, the production of which involved the use of minors engaging in sexually explicit conduct in violation of Title 18, U.S.C. § 2252A(a)(5)(B). The punishment for this offense is as follows: not more than ten years imprisonment, $250,000 fine, not less than five years nor more than life on supervised release, and a $100 special assessment.

2. The parties agree that the appropriate disposition of this case would be the following as to each count:

    a) The Court may impose any lawful term of imprisonment up to the statutory maximum;

    b) The Court may impose any lawful fine up to the statutory maximum;

c)  The Court may impose any lawful term and lawful conditions of supervised release;

d)  The Court will impose a special assessment fee as required by law; and

e)  The Court may order forfeiture as applicable and restitution as appropriate.

3. The defendant has read the Information, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged. The defendant is pleading guilty because the defendant is in fact guilty. In order to be guilty, the defendant agrees that each of the following elements of a violation of 18 U.S.C. § 2252A(a)(5)(B) must be proved beyond a reasonable doubt: (1) that the defendant knowingly possessed an item or items of child pornography, as charged; (2) that such item[s] of child pornography had been transported, shipped or mailed in interstate or foreign commerce including by computer, as charged; and (3) that at the time of such possession, the defendant believed that such item[s] constituted or contained child pornography.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts which satisfy these elements. These are the facts submitted for the defendant's guilty plea. They do not necessarily constitute all the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

On November 1, 2006, Michael Smith, at BAE Systems, his place of employment, attempted to print out some photographs containing depictions of child pornography that he had downloaded from the computer. Another employee at BAE Systems discovered the photographs on the company printer and advised management. The IT staff at BAE Systems determined that the files printed had been printed from Michael Smith's computer. It was later confirmed by

BAE Systems staff that the accessing of the websites was done from Michael Smith's work computer. The photographs involved child pornography. The investigation was turned over to the Kingsport Police Department and the Federal Bureau of Investigation.

While over four hundred discrete images were isolated, the FBI has confirmed that 188 of those images are clearly images which involve visual depictions which would meet the definition of child pornography in 18 United States Code, § 2256(8). Many of these 188 images are prepubescent children. Of the 188 images, 106 were electronic images stored on the hard drive of Smith's computer and 82 of those images were part of a print out of six pages found at the defendant's printer.

The United States agrees that there is no evidence that Smith was involved in distributing these images to anyone and has no evidence that the defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor. The United States agrees that no images portray sadistic or masochistic conduct or other depiction of violence as defined by United States Sentencing Guidelines § 2G2.2(b)(4). The defendant was utilizing the company issued computer to download child pornography for his own personal, sexual gratification. The parties agree that the total number of images for which the defendant should be held accountable under the federal sentencing guidelines is 188 images. As the images were downloaded from the Internet, they were shipped or transported in interstate commerce.

5. The defendant understands that by pleading guilty the defendant is giving up several rights, including:

      a)     the right to plead not guilty;

      b)     the right to a speedy and public trial by jury;

- c) the right to assistance of counsel at trial;
- d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;
- e) the right to confront and cross-examine witnesses against the defendant;
- f) the right to testify on one's own behalf, to present evidence in opposition to the charges and to compel the attendance of witnesses; and
- g) the right not to testify and to have that choice not used against the defendant.

6. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, the United States agrees to move, at or before the time of sentencing, that the Court decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. The defendant agrees that the decision to file this motion is within the sole discretion of the United States. Should the defendant engage in any conduct or make statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of additional offenses prior to sentencing, the United States will be free not to make such motion or to withdraw such motion if already made, and will be free to recommend to the Court that the defendant not receive any offense level reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

7. The defendant agrees to pay the special assessment in this case prior to sentencing.

8. No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding the potential sentence in this case are not binding on the Court. The defendant understands that the sentence in this case will be determined by the Court after it receives the pre-sentence report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

9. The defendant agrees to pay any fine and/or restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect the fine and/or restitution obligation by set-off of program payments, execution on non-exempt property, and any other means the United States deems appropriate. Finally, the defendant and counsel agree that the defendant may be contacted regarding the collection of any fine and/or restitution without notifying counsel and outside the presence of counsel.

10. (a) In consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s), the defendant agrees not to file a direct appeal. Thus the defendant knowingly and voluntarily waives the defendant's right to appeal the conviction(s) and/or a sentence(s) imposed within the applicable guideline range as determined by the sentencing court in this case.

(b) In addition, the defendant knowingly and voluntarily waives the right to file any motions or pleadings pursuant to 28 U.S.C. § 2255 or to appeal or collaterally attack the conviction(s) and/or resulting sentence. The parties agree that the defendant retains the right to raise, by way of collateral review under § 2255, claims of ineffective assistance of counsel or prosecutorial misconduct not known to the defendant by the time of the entry of judgment.

11. If the United States violates the terms of this agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this agreement, moves to withdraw the defendant's guilty plea(s), or violates any court order, local, state or federal law pending the resolution of this case, the United States will have the right to void any or all parts of the agreement. The United States may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed. The defendant expressly waives any statute of limitations defense and any constitutional or statutory speedy trial defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the guilty plea(s) in this case.

12. This plea agreement constitutes the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

JAMES R. DEDRICK
United States Attorney

8/1/07
Date

By: *Robert Reeves*
ROBERT M. REEVES
Assistant United States Attorney

7/24/07
Date

MICHAEL R. SMITH
Defendant

7/24/07
Date

CLIFTON L. CORKER
Attorney for Defendant